# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALSON ALSTON, | : | |
| Appellant, | : | No. 1:17-cv-185 |
| v. | : | Hon. John E. Jones III |
| UNITED STATES TRUSTEE, | : | |
| Appellee. | : | |

## MEMORANDUM

## August 9, 2017

Appellant Alson Alston appeals a December 27, 2016 order of dismissal (the "Dismissal Order") issued by the now retired Honorable Mary D. France of the United States Bankruptcy Court for the Middle District of Pennsylvania[1], as well as her subsequent January 18, 2017 order denying reconsideration of her dismissal ("Reinstatement Order").[2] Alston filed a timely Notice of Appeal to this Court on January 31, 2017. (Doc. 1). The Appeal has been fully briefed by the parties (Docs. 8, 11) and is thus ripe for our adjudication. For the reasons that follow, we shall affirm both orders of the Bankruptcy Court.

---

[1] The underlying bankruptcy matter is located at Docket Number 1:14-BK-03454MDF.
[2] Alston states in his brief that he "also appeals" from numerous other orders of the Court. (Doc. 8, p. 1). We will only consider appeals of the Dismissal Order and Reconsideration Order, as those are the orders noticed in his Notice of Appeal. (Doc. 1).

1

I.   **BACKGROUND**[3]

On July 28, 2014, Alston filed a *pro se* petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Pennsylvania. (A70-72).[4] Although Alston proceeded *pro se*, we note that he is not unlearned in the law; he graduated law school in May 2015. (Doc. 8, ¶ 37). On April 6, 2015, Alston filed an initial Disclosure Statement and Plan. (DE78). During the following sixteen months, Alston filed a series of Disclosure Statements and Plans labeled the First Amended (DE112-117), Second Amended (DE144), Third Amended (DE187-88), Corrected Third (DE200), Fourth (DE255) Fourth with City of Philadelphia Amendments Only (DE277), Fifth (DE283), Corrected Fifth (DE293), Sixth (DE349), and Corrected Sixth. (DE356). Creditors continued to object to the Disclosure Statements filed by Alston. Each Disclosure Statement that was not withdrawn or superseded by Alston was disapproved of by the court. (DE166, 243, 345).

On October 18, 2016, the court held a hearing on Alston's Sixth Amended Disclosure Statement and stated that Alston was "pretty much in the same spot that

---

[3] As characteristic of most bankruptcy proceedings, this case contains a complicated and detailed history. Because we write for the benefit of the Bankruptcy Court and the parties who are familiar with the case, we present only an abbreviated recitation of the important facts.
[4] Appelle, Andrew R. Vara, Acting United States Trustee, attached a thorough Appendix of the Bankruptcy record to his brief in five volumes. (Doc. 11, Exhibits 1-5). We shall use this appendix for citations to the record and refer to specific pages as they are labeled in the Appendix with "A" followed by the number of the page. We will refer to docket entries from the original bankruptcy proceeding as "DE" followed by the docket entry number.

[he was] a year and a half ago in terms of the ability to fund a plan going forward." (A338). Following the hearing, the court issued an order setting an evidentiary hearing for November 29, 2016 and directing Alston to file a Seventh Amended Disclosure Statement and Plan on or before November 22, 2016, if he wished to do so. (A343). The court also issued an "order directing debtor to appear and show cause why case should not be dismissed" for the November 29, 2016 hearing. (A345).

At the November 29, 2016 hearing, the court noted that Alston had faxed a Seventh Amended Disclosure Statement and Plan to the court on November 23, rendering it late pursuant to the court's prior order. (A353). The court noted, however, that the Seventh Amended Disclosure Statement and Plan had "some of the basic problems that we've had in the prior plans," was "very difficult to understand" and "contradictory" at some points. (A354). The court further noted that it "still ha[s] never seen any hard numbers." (A355). The court stated that "it's still so lacking in the basic information that you need in a disclosure statement, and that you need in a plan. It's very complex, but it's very unclear at the same time." (A357).

Alston testified at the evidentiary hearing that he had not made any post-petition mortgage payments on all but two of his properties, that his properties are all underwater or close to it, and that he had not paid post-petition property taxes

3

on all of his properties. (A424, 499). The evidentiary hearing lasted approximately 3.5 hours. (Doc. 8, ¶ 29).

On December 27, 2016, the court entered an order dismissing Alston's bankruptcy case, along with a supporting opinion, pursuant to 11 U.S.C. § 111(3)(b). (DE451, 452). On January 11, 2017, Alston filed a motion for reinstatement. (DE459). On January 18, 2017, the court entered an order denying Alston's motion for reinstatement, along with a supporting opinion. (DE466, 467).

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. The bankruptcy court's December 27, 2016 order dismissing Alston's bankruptcy case and January 18, 2017 order denying Alston's motion for reconsideration were both final, appealable orders. *See In re Flanagan*, 999 F.2d 753, 756 (3d Cir. 1993); *see Hrobuchak v. Navistar Fin. Corp.,* 2016 WL 368433 at *3 (M.D. Pa. Jan. 29, 2016) (Caputo, J.).

The district court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007); *see also* Fed. R. Bank. P. 8013 (directing that "[f]indings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the

4

bankruptcy court to judge the credibility of witnesses."). Under the clearly erroneous standard of review, "[i]t is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted).

Dismissal pursuant to 11 U.S.C. § 111(b) is reviewed for an abuse of discretion. *See In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). An abuse of discretion exists when judicial action "'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir.1992) (quoting *International Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir.1987)). A court should not disturb an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Ferrero, U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44, 48 (3d Cir.1991).

III. **DISCUSSION**

As our review is deferential, we will first summarize the lower court's opinion dismissing Alston's bankruptcy appeal and opinion denying reinstatement. We will then address Alston's specific arguments on appeal.

**A. Order and Opinion of Dismissal**

Following the court's *sua sponte* orders for Alston to show cause why the case should not be transferred or dismissed, and hearing on these orders, the court dismissed Alston's bankruptcy case pursuant to 11 U.S.C. § 1112(b). (A531). The court devoted substantial time to recite the procedural history and background of the case, noting the "fatal flaws" of Alston's numerous disclosure statements – "[t]hey provided inadequate support for the values attributed to the various parcels of real estate owned by Debtor" and "they failed to include a complete budget of income and expenses." (A526). The court noted that on July 12, it "conducted an extensive colloquy with Debtor emphasizing that after several failed attempts, it was imperative that Debtor submit a disclosure statement that clearly and fully described his current financial situation and his plan for reorganization." (A527). The court concluded that, "[w]hile each amended disclosure statement and plan submitted by Debtor has become more complex, after two years the disclosure statement continues to lack adequate information to demonstrate that the plan is sufficiently funded and that creditors will receive more in a Chapter 11 case than they would in a Chapter 7 case." (A529).

Under § 1112(b), a bankruptcy court must convert or dismiss a Chapter 11 case if cause exists. 11 U.S.C. § 1112(b)(4). The lower court found five separate reasons to dismiss the case for cause.

First, the court noted in footnote 2 that Alston failed to submit a certificate of credit counseling that certified he received credit counseling before his petition was filed. (A523). Thus, pursuant to Section 109(h) of the Bankruptcy Code that provides an individual cannot be a debtor unless credit counseling is obtained before the petition is filed, the court concluded it must dismiss Alston's petition. (*Id.*).

Second, the court found cause for dismissal under § 1112(b)(4)(A). (A532). Pursuant to § 1112(b)(4)(A), dismissal is supported where there is "a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). In support of its conclusion that cause for dismissal was met pursuant to this section, the court pointed to the Monthly Operating Reports ("MORs"), which stated that Alston had not made any post-petition mortgage payments for all but two properties or paid any real estate taxes. (A532-533). The court also noted that during the same period that he failed to pay administrative expenses, he paid out more than $27,000 in "gifts" and the MORs for April 2016 through September 2016 showed negative cash flow. (A533-534). Finally, the court stated that Alston's plan to make the

proposed payments suffer from mathematical errors that do not account for additional expenses. (AR534). In light of this, the court found that the estate has suffered continuing loss throughout the period of the case and there was not a reasonable likelihood of rehabilitation. (A535).

Third, the court found cause for dismissal under § 1112(b)(4)(F). (A535). Pursuant to § 1112(b)(4)(F), cause for dismissal exists where there is an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F). The court noted that MORs must be filed with the court and with the U.S. Trustee twenty days after the end of the month being reported. (A535). Although Alston filed his first few reports in a timely manner and included all of the necessary requirements, the court concluded that "[t]hroughout most of the case, however, his MORs have been filed late, incomplete or both." (*Id.*). Therefore, the court found cause for dismissal.

Fourth, the court found cause for dismissal under § 1112(b)(4)(I). (A536). Pursuant to § 1112(b)(4)(I), cause for dismissal exists upon a "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief." 11 U.S.C. § 1112(b)(4)(I). The court found that this provision includes a debtor's failure to pay post-petition taxes and Alston's MORs

specifically stated that no real estate taxes were paid. (A536-537). Thus, the court found that Alston's failure to pay taxes warranted dismissal. (A537).

Fifth, the court concluded that dismissal was warranted because Alston has insufficient income to finance a proposed plan as required under § 1129(a)(11) and has been unable to submit a disclosure statement with adequate information as required by § 1125. (A537-539). The court pointed to Alston's insistence on retaining all of his properties and non-materialized expectation of future employment as a lawyer as examples in support of this conclusion. (A537-538). The court further noted that Alston's Disclosure Statements relied on a presumption of future increased earnings without corresponding evidence in support of that presumption. (A538). The court determined that Alston "has refused to make the necessary concessions that would make confirmation of a realistic plan possible" and "stubbornly insists that he has the resources to fund the plan he has proposed, but offers little hard data to justify his optimism." (A539).

Finally, the court addressed § 1112(b)(2)'s mandate that a court may not dismiss a case where "unusual circumstances" exist such that dismissing or converting a case would not be in the best interests of the creditors and the estate, or where a plan will be confirmed within a reasonable time or grounds for cause will be cured within a reasonable period of time. 11 U.S.C. § 1112(b)(2). The court held that "Debtor has not offered any unusual circumstance to justify a decision not

9

to dismiss this case. It has been his steadfast position that he has submitted adequate information, that his proposed plan should be confirmed and is feasible, and that the delay in this case is attributable to the actions of the Objecting Creditors." (A539). Accordingly, the court dismissed Alston's case.

### B. Order and Opinion Denying Reinstatement

Following the dismissal, Alston filed a motion for reinstatement of his case. (DE459). In its order and opinion denying reinstatement, the court explicitly removed Alston's failure to obtain credit counseling as a cause for dismissal, noting Alston's opposition and the fact that numerous other grounds for dismissal were present. (A557-558). The court rejected Alston's arguments that it had violated his due process rights, misapprehended the facts, and violated procedure, and denied reinstatement. (DE466, 467).

### C. Alston's Appeal

Alston presents a myriad of arguments in support of his appeal. We will address each in turn.

First, the large majority of Alston's arguments pertain to his allegation that "[t]he Court made a series of errors and misstatements over the course of its Opinion that undermines its ruling and justifies a reversal on appeal." (Doc. 8, p. 26). As Alston is well aware, factual determinations by the court are reviewed for clear error. *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007); *see also*

Fed. R. Bank. P. 8013 (directing that "[f]indings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses."). This is an extremely deferential standard that only allows an appellate court to disregard factual findings where they have no evidentiary support. *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000). Upon a review of the Bankruptcy Court's factual findings and the evidentiary record, we cannot find that any of the factual determinations were clearly erroneous. Therefore, we reject Alston's arguments for reversal that are based on the alleged "misstatements" of fact.

Second, Alston takes issue with the fact that the court raised concerns regarding dismissal *sua sponte*, as opposed to the parties filing a motion to dismiss. (Doc. 8, pp. 28-29). This argument lacks merit. Section 105(a) specifically states that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. 105(a). As the lower court pointed out in its opinion, a Bankruptcy Court has the authority to dismiss a bankruptcy petition for cause under § 1112(b) on its own motion. *See In re Dr. R.C. Samanta Roy Inst. of Sci. Tech. Inc.*, 465 F. App'x 93 (3d Cir. 2011).

Third, Alston submits argument that the court abused its discretion in granting relief from a stay order to a party on June 9, 2016. (Doc. 8, pp. 36-38). This argument has nothing to do with the two orders included in his Notice of Appeal – the Dismissal Order and the Reinstatement Order. (Doc. 1). As such, we will not consider this argument.

Fourth, Alston argues that the court abused its discretion when it found that he was noncompliant with his requirement to complete credit counseling prior to filing his petition. (Doc. 8, pp. 38-40). In its order denying reinstatement, the court exercised caution and specifically removed Alston's failure to complete credit counseling as a basis for its dismissal. (A557-558). We therefore will not consider this argument.

Fifth, Alston argues that the court could not base dismissal on his failure to submit timely MORs because he had "unusual circumstances" that justified their tardiness. (Doc. 8, pp. 40-43). Important in this section is Alston's admission that some of the MORs were late. (Doc. 8, p. 41). Alston argues that his unusual circumstances included the large amount of time needed for him to devote to this *pro se* petition and his obligation to care for his ailing mother. (Doc. 8, pp. 40-43). However, both of these circumstances were known to the lower court at the time of its opinion, and we cannot find that it was an abuse of discretion to determine that

they did not constitute unusual circumstances to justify Alston's failure to submit timely MORs.

Sixth, Alston argues that the bankruptcy court abused its discretion in failure to afford him notice. (Doc. 8, p. 43). Section 1112(b)(1) provides that a case may only be dismissed or converted after notice and a hearing. 11 U.S.C. § 1112(b)(1). Alston argues that he "was provided no notice whatsoever of the subject matter to be raised at the Rule to Show Cause Hearing and was ambushed with the issues and questions raised there, and was surprised at the issues raised in the Opinion as being brought to his attention essentially for the first time." (Doc. 8, p. 43). This lack of notice caused him to be "unable and unprepared" to meet his burden at the show cause hearing. (*Id.*, at p. 44). This argument is again without merit. The court issued orders specifically informing Alston of his need to show cause why the case should not be dismissed. (A343, A345). He was clearly aware of this burden because he testified and presented evidence at the hearing.

Alston sprinkled several other arguments throughout his brief on appeal, but none are meritorious in challenging the lower court's five enumerated causes for dismissal. Section 1112(b)(4)(A) provides cause for dismissal where there is a substantial or continuing loss to or diminution of the estate assets and an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). The court made numerous factual findings demonstrating that § 1112(b)(4)(A) is applicable,

and Alston is unable to show that they are clearly erroneous such that their application to this section would be an abuse of discretion. Similarly, Alston has admitted his failure to file timely MORs and failure to file post-petition taxes, which clearly supports the court's finding of cause for dismissal under § 1112(b)(4)(F) and (I). Finally, while Alston may argue to the contrary, the court found that Alston has insufficient income to pay for any proposed plan and his plans lack enough information to be approved. This conclusion is again based on factual findings that Alston cannot demonstrate to be clearly erroneous such that there has been an abuse of discretion.

It appears that the bankruptcy court afforded Alston considerable patience and understanding in his lengthy Chapter 11 petition.[5] He was permitted to file more than ten Disclosure Statements and inadequate and untimely MORs for a two year period before the court dismissed his petition – after giving Alston notice and a hearing to present his case and attempt to show cause why the case should not be dismissed. Alston did not take heed of the many warnings that his Disclosure Statements were inadequate and was unable to sustain his petition under Chapter 11. Accordingly, we will affirm the bankruptcy court's dismissal and denial of reinstatement.

---

[5] The now retired presiding bankruptcy judge, Mary D. France, is well known to this Court as a most considerate and fair jurist. We have every confidence, and indeed the record amply demonstrates, that she afforded every reasonable courtesy and more to Alston.

14

## IV. CONCLUSION

For the reasons set forth in this Memorandum, we shall deny the appeal and affirm the Opinions of the Bankruptcy Court. An appropriate Order shall issue.